[Civ. No. 1858. Fourth Appellate District.—March 15, 1938.]

## CAD M. NEWBERRY et al., Appellants, v. AMY HATZUKO NOZU, Respondent.

W. E. James for Appellants.

Borton, Petrini & Conron for Respondent.

BARNARD, P. J.—This is an action for the recovery of money had and received. The plaintiffs' theory was and is that they paid $2,000 to the defendant for the conveyance of an undivided fractional interest in certain land, that the deed they received was issued in violation of the Corporate Securities Act as amended in 1933 and void, and that the defendant, having been unjustly enriched, holds the money for their benefit.

The facts are practically undisputed and may be briefly stated as follows: The defendant owned 160 acres of

land in Kern County which she had leased for the purpose of exploring for oil, reserving to herself a one-eighth interest in any oil that might be recovered. She listed forty acres of this land with a real estate agent for sale subject to the oil lease as it affected that part of the land. This real estate agent interested a lawyer named Black in purchasing the forty acres for the price of $13,500. An escrow was opened but the deal fell through. Thereafter, Black again approached the defendant with reference to purchasing the forty acres. She told him that since ''you fooled me already'' she would sell to him only if and when he put up the money, and sent him to see her lawyer. She then gave Black two weeks in which to put up the money and said she would sell to him if he did so. About two weeks later Black went to the lawyer's office with $13,500 and offered to deposit it and close the deal. The defendant was called to the office and upon being told that the money was ready indicated that she was ready to sign the necessary papers. Some nine deeds were presented for her signature, which together covered the forty acres, one of them being a deed to the plaintiffs for an 8/100ths interest in the forty acres subject to the oil lease which has been mentioned. The defendant said to Black ''Are you going to let me sign all those papers? I thought you were going to buy it'', to which Black replied that he was going to buy it but was selling part of it. She signed the deeds and instructed her attorney to close the deal. Her attorney went to Bakersfield with Black and an escrow was opened with an abstract company. Black signed escrow instructions reciting that he had handed the escrow holder $13,500 which was to be delivered to the defendant when the deeds signed by her were recorded and when title could be shown subject to the previous oil lease. The defendant's attorney signed an approval of the escrow instructions for her, each paid half of the escrow charges, Black put up the $13,500, the escrow was closed, the money was paid to the defendant and the deeds were recorded.

It appears that some two months before the escrow was closed Black had entered into negotiations with the plaintiffs with a view to selling them 1 per cent of the mineral rights underlying the forty acres which the defendant thus sold. About seven weeks before the escrow was closed the plaintiffs paid $2,000 to Black as and for the full purchase price of 1 per

cent of the mineral rights underlying this forty acres. It was stipulated that $1500 of this $2,000 was used by Black in making up the $13,500 which he paid to the defendant. The plaintiffs testified that they had never seen the defendant, that all of their negotiations were with Black, that they discovered that their part of the land had cost Black only $1500 when they received the deed and saw that it contained $1.50 worth of revenue stamps, and that they were not surprised at this as they were paying no commission to Black and were only interested in the price they had agreed to pay for their interest. Some five months after the escrow was closed the plaintiffs went to Black and demanded a policy of title insurance which he promised to furnish. About eleven months later the plaintiffs demanded $2,000 from the defendant and this action followed.

Briefly stated, the court found that it is not true that the defendant received $2,000 from the plaintiffs, or any other sum, or that she agreed to convey to the plaintiffs a mineral title or any other property; that the defendant did not enter into an agreement with the plaintiffs in any respect whatsoever; that the defendant agreed to convey to Black for the sum of $13,500 the forty acres of land described in the complaint; that Black paid to the defendant the purchase price of said land; that the transaction was one of purchase and sale between the defendant and Black; that in consummating the transaction the defendant acceded to Black's request and executed the deeds to the various grantees named and delivered these deeds to Black; that the plaintiffs paid to Black the sum of $2,000 for one of these deeds; that the defendant received the sum of $1500 for said deed and received the same from Black; that the defendant did not sell or issue a security either to the plaintiffs or to Black but that the transaction constituted a sale by the defendant to Black of the specific real property which was described; that the defendant received no moneys or other benefits from the plaintiffs or either of them; that in said transaction Black did not act as the agent of the defendant or as the agent of the plaintiffs but that he acted independently as a purchaser of said forty acres of land; that the defendant had no knowledge of the nature or terms of the transaction between Black and the plaintiffs, of the failure of Black or of the plaintiffs to obtain a permit of the corporation

commissioner authorizing said transaction or of the intention of Black or of the plaintiffs to consummate said transaction without obtaining such a permit; and that the knowledge of the plaintiffs with respect to the matter of obtaining a permit was superior to the knowledge possessed by the defendant. The conclusions of law were that no security had been issued or sold by the defendant and that she was entitled to judgment in her favor. Judgment was entered accordingly and the plaintiffs have appealed.

The appellants contend that the deed by which the respondent conveyed an interest in this land to them constituted a security within the meaning of the Corporate Securities Act; that this security was issued by the respondent without a permit; that it was therefore void; that there was a total failure of consideration; and that since they paid the $2,000 to a third party, who in turn paid the same to the respondent, they are entitled to recover the same from her.

It is not necessary to decide whether the deed received by the appellants constituted a security within the meaning of the Corporate Securities Act or whether or not this deed was void as having been issued without a permit. Assuming, but by no means holding, that such were the facts, the decisive question here is whether the court's findings to the effect that the respondent did not enter into any agreement with the plaintiffs, that in so far as she is concerned the transaction was one of sale and purchase between her and Black, and that she sold and issued no security to anyone, are supported by the evidence. It appears without conflict that she started out to sell forty acres of land to Black for $13,500, that this is what she agreed to do and what she understood she was doing, and that she had no dealings with the appellants either directly or through any agent. She informed Black she would sell the land to him only if he produced the money. She was informed that he had brought the money and wanted the land and consented to that proposition. When she was given several deeds to sign she asked about this and was told by Black that he was buying the land but had sold a part of it to others. She acquiesced and the deal was put through on that basis and with that understanding. She never knew what the appellants paid to

Black and was not interested in that part of the deal. Black placed the entire $13,500 in escrow and nothing was said about any part thereof having come from the plaintiffs. She approved the escrow instructions which provided that the $13,500 was to be paid to her for the forty acres in question, the several deeds were issued at the request of Black and for his accommodation, these deeds were delivered into escrow subject to his order, and the one was delivered to the appellants upon his order and for him and not for the respondent. It is conceded that Black was not the agent of either the respondent or the appellants. The court correctly found that there were two separate and distinct transactions and if it could be said that any security was issued within the meaning of the Corporate Securities Act, that security was issued when Black caused the deed to be delivered to the appellants and not when the respondent signed that deed. The material findings are fully supported by the evidence and they, in turn, sustain the judgment.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.